Mark A. Mancini, Esq.
Wasserman, Mancini, & Chang, P.C.
1915 I Street NW Suite 400
Washington, D.C. 20006
Email: wmc@wmclawfirm.com
Phone: (202) 783-8905
Fax: (202) 333-1688
DC Bar Number #194126

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHAWAL, INC.**<br>714 Pine Street<br>Zanesville, OH 43701 | Case No.: 14-cv-1512 |
| Plaintiff, | |
| vs. | |
| **Eric H. Holder, Jr.**, Attorney General of the United States<br>United States Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington DC 20530-0001 | **COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §1331** |
| **Jeh Johnson**, Secretary of the Department of Homeland Security<br>Office of the General Counsel<br>US Department of Homeland Security<br>Washington, DC 20528 | |
| **Leon Rodriguez**, Director of United States Citizenship and Immigration Services<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Ave, NW, Rm 4025<br>Washington, DC 20529 | |

# COMPLAINT FOR DECLARATORY JUDGMENT

## I. INTRODUCTION

Shawal, Inc. (the "Shawal"), plaintiff, complains against the United States Citizenship and Immigration Service (the "USCIS"), defendant, as follows:

1. This complaint arises under the Immigrations laws of the United States, the Adminstrative Procedures Act, 5 U.S.C. § 701, et seq. and the Declaratory Judgment Act, 28 U.S.C. § 2201. The United States District Court for the District of Columbia has jurisdiction of this action under 28 USC § 1331.

2. This is an action for judicial review of (a) the September 4, 2013 decision of the Citizenship and Immigration Service ("CIS"), LIN 13 907 69158, which denied a petition by Shawal, Inc. to employ an immigrant, Basharat Mahmood ("Beneficiary"), in 8 U.S.C. § 1153(b)(3) ("EB-3"), and (b) the February 21, 2014 decision of the Administrative Appeals Office, which dismissed the appeal filed by the plaintiff.

## II. JURISDICTION AND VENUE

3. The United States District Court for the District of Columbia has jurisdiction of this action under 28 USC § 1331.

4. The District Court in the District of Columbia is the correct venue for this action under 28 U.S.C. §§1391(e) and 1421(c) because the United States government is the defendant and the Plaintiff resides in Ohio.

## III. PARTIES

5. Shawal, Inc. is a restaurant incorporated in Ohio. It has its principal place of business and registered office in Zanesville, Ohio.

6. The United States Citizenship and Immigration Service is part of the Department of Homeland Security. The USCIS administers the Immigration and Nationality Act ("INA") pursuant to 8 USC § 1103 and 8 CFR § 2.1.

7. The Plaintiff resides in Ohio and has exhausted all administrative remedies available pursuant to 8 U.S.C. §1447.

8. Defendant Jeh Johnson, according to regulation is to be served at the Office of General Counsel, USDHS, Washington, DC 20528. Defendant Jeh Johnson is the United States Secretary of Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is charged with, among other things, "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

9. Defendant Leon Rodriguez's mailing address is District Director, USCIS, 20 Massachusetts Ave, NW, Rm 4025 Washington, DC 20529. Defendant Leon Rodriguez is the Director of the United States Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision. He is being sued in his official capacity. Defendant Director administers the immigration laws on behalf of the Secretary for Homeland Security and the DHS throughout the United States. 8 C.F.R. § 100.2(a).

### IV. STATEMENT OF FACTS

10. On May 15, 2002, Employer Pines of Florance filed a substitution requested Form I-140 Immigrant Petition for Alien Worker. *See* Exhibit A, I-140 Receipt Notice.

11. On October 15, 2002, the Beneficiary filed a Form I-485 Application for adjustment of status based on an approved I-140 Petition. *See* Exhibit B, I-485 Receipt Notice. The I-140 Immigrant Petition was approved on August 25, 2004. *See* Exhibit C, Form I-140 Approval Notice.

12. After numerous inquires with USCIS, the Beneficiary discovered that his I-485 application was placed in storage. A request to the Office of the Chief Counsel office in Baltimore, Maryland was made to have the file transferred to USCIS, Baltimore to adjudicate.

13. On January 9, 2007, the Beneficiary received a denial notice of the I-485 application based on the denial of a previously filed I-130 petition based upon INA §204(c), 8 U.S.C. §1154(c), contrary to the fact that he was seeking adjustment of status based on an approved I-140 visa petition. *See*

Exhibit D, I-485 Denial Notice.

14. The Beneficiary was placed into Removal proceedings on May 22, 2007. *See* Exhibit E, Notice to Appear.

15. The Beneficiary filed proof of the bona fide marriage with the Immigration Court as well as proof of his eligibility for his skilled worker classification under his employment based petition. The Beneficiary testified before the Immigration Court on April 10, 2009 along with four witnesses. Three of the witnesses gave extensive testimony regarding the bona fides of the prior marriage. After all prior documents regarding the Beneficiary's eligibility and rebuttal of the charges filed against him in the Notice of Action were filed with the Immigration Court, USCIS issued a notice of intent to revoke the prior approved I-140 petition based on INA §204(c), 8 U.S.C. §1154(c), dated March 6, 2009, immediately prior to the Beneficiary's Individual Removal hearing. *See* Exhibit F, Notice of Intent to Revoke.

16. During the removal hearing, the Immigration Judge was informed of the Service's intent to defeat the jurisdiction of the Immigration Court by attempting to revoke the approved I-140 petition by a collateral attack on the old marriage case.

17. The Beneficiary timely filed a reply brief to the Vermont Service Center on April 6, 2009. *See* Exhibit G, Response to Intent to Revoke. On May 14, 2009, the Vermont Service Center revoked the I-140 immigrant petition citing INA §204(c), 8 U.S.C. §1154(c). *See* Exhibit H, Notice of Revocation.

18. On December 30, 2010, the Administrative Appeals Office ("AAO") denies the appeal of the May 14, 2009 Notice of Revocation issued by the USCIS. *See* Exhibit I, AAO Denial Notice.

19. On June 22, 2012, a new PERM Form ETA-9089 is filed by the plaintiff, Shawal, Inc. *See* Exhibit J, Copy of Certified ETA-9089.

20. On July 16, 2012, the Immigration Judge ultimately denied Mr. Mahmood's motion for a continuance and ordered the Beneficiary removed based on INA Section 237(a)(1). It must be

noted that the Immigration Judge specifically declined to make a judicial finding of marriage fraud, which was the second charge lodged in the Notice to Appear.

21. A Form I-140 petition is filed by the plaintiff on June 3, 2013.

22. On July 24, 2013, a Notice of Intent to Deny was issued by USCIS. *See* Exhibit K, USCIS Notice of Intent to Deny.

23. On August 22, 2014, Plaintiff files a Response to Notice of Intent to Deny. *See* Exhibit L.

24. The I-140 petition was denied by USCIS on September 4, 2013. *See* Exhibit M, I-140 Denial Notice.

25. On October 4, 2013, the Plaintiff filed an appeal and a brief on October 20, 2013 to the Administrative Appeals Office ("AAO"). *See* Exhibit N, Plaintiff's AAO Appeal Brief.

26. The AAO affirmed the denial of the I-140 petition by citing INA §204(c), 8 U.S.C. §1154(c), and the fact that the PERM ETA-9089 did not state all of Mr. Mahmood's previous jobs regardless of the fact that the requirement to list all jobs is immaterial when the plaintiff only required two years of experience. The beneficiary had over two years of experience, a fact not in dispute. *See* Exhibit O, AAO Denial Notice.

27. On April 8, 2014, the Board of Immigration Appeals ("BIA") denied the beneficiary's appeal of the Immigration Judge's decision of July 16, 2012 denying a continuance to resolve the I-140 issue. *See* Exhibit P, BIA Dismissal.

28. If the immigrant visa petition is approved, the beneficiary will be immediately adjustable under 8 USC §1245(a). The Immigration Judge invited the beneficiary to move to reopen the removal proceedings for this purpose upon approval of the visa petition.

29. The Plaintiff has exhausted all available administrative remedies and therefore, seeks a Declaratory Judgment under 28 USC § 1331.

## IV.   CAUSES OF ACTION

### COUNT ONE

**(Declaratory Judgment)**

28. The Plaintiff hereby incorporates the information in paragraphs 1 through 29 above as though fully set forth herein.

29. This Court has authority to issue a declaratory judgment regarding the rights and privileges of the parties under 28 U.S.C. § 1331.

30. The Plaintiff is entitled to a declaratory judgment establishing that the beneficiary meets all the statutory requirements for Form I-140 Petitioner for Alien Worker.

### COUNT TWO

**(Administrative Procedures Act)**

31. The Plaintiff hereby incorporates the information in paragraphs 1 through 29 above as though fully set forth herein.

32. Defendants have a duty to act only in accordance with the status and regulations governing naturalization applications.

33. The denial of the Plaintiff's Form I-140 Petition for Alien Worker was arbitrary and capricious and contrary to governing statutes and regulations.

34. This Court should order the Defendants to approve the Plaintiff's Form I-140 Petition for Alien Worker.

### COUNT THREE

**(Equal Access to Justice Act)**

35. The Plaintiff hereby incorporates the information in paragraphs 1 through 29 above as though fully set forth herein.

36. The Plaintiff seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended 5 U.S.C. § 504 and 28 U.S.C. § 2412.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays this Honorable Court to approve the plaintiff's Form I-140 petition based upon:

1. The fact that the Immigration Judge refused to make a finding of marriage fraud in the beneficiary's removal proceedings;
2. The overwhelming amount of evidence in favor of the bona fides of the beneficiary's marriage, and based upon testimony during his removal proceedings;
3. The immateriality of the omission of any employment experience when the plaintiff only required two years of prior experience and it is undisputed that the beneficiary possessed this.
4. Grant such other and further relief as may be just and proper.

Dated: September 4, 2014

Respectfully submitted,

_____\\s\\_____
Mark A. Mancini
Wasserman, Mancini, & Chang, P.C.
1915 I Street NW Suite 400
Washington, D.C. 20006
(202) 783-8905 (Tel.)
(202) 333-1688 (Fax)
wmc@wmclawfirm.com (email)
Attorney for Plaintiff
SHAWAL, INC.

**EXHIBIT LIST**

A. Employer Pines of Florence I-140 Receipt Notice dated May 15, 2002

B. Beneficiary's I-485 Receipt Notice dated October 15, 2002

C. Form I-140 Approval Notice dated August 26, 2004

D. Beneficiary's I-485 Denial Notice dated January 9, 2007

E. Beneficiary's Notice to Appear dated May 22, 2007

F. Notice of Intent to Revoke Previously Approved I-140 dated March 6, 2009

G. Plaintiff's Response to Notice of Intent to Revoke dated April 6, 2009

H. I-140 revoked based upon INA Section 204(c) dated May 14, 2009

I. Administrative Appeals Office denies appeal dated December 30, 2010

J. Plaintiff files new PERM ETA-9089 on June 22, 2012

K. Notice of Intent to Deny I-140 dated July 24, 2013

L. Plaintiff's Response to Notice of Intent to Deny dated August 22, 2014

M. Plaintiff's Form I-140 denied by USCIS on September 4, 2013

N. Plaintiff filed an appeal on October 4, 2013 and a brief on October 30, 2013 with the Administrative Appeals Office.

O. Administrative Appeals Office denies Plaintiff's appeal of the denied I-140 petition on February 21, 2014

P. The Board of Immigration Appeals dismisses the beneficiary's appeal on April 8, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that on the __4th__ day of ___September_____ 2014, I delivered a true and accurate copy of the foregoing documents, Civil Action Cover Sheet and Complaint, to the opposing parties or counsel at the following addresses:

**Jeh Johnson**, Secretary of the Department of Homeland Security
Office of the General Counsel
US Department of Homeland Security
Washington, DC 20528

**Leon Rodriguez**, Director of United States Citizenship and Immigration Services
Office of the Chief Counsel
U.S. Citizenship and Immigration Services
20 Massachusetts Ave, NW, Rm 4025
Washington, DC 20529

**Eric H. Holder, Jr.**,
United States Attorney General
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

_____\\s\\_____
Mark A. Mancini
Wasserman, Mancini, & Chang, P.C.
1915 I Street NW Suite 400
Washington, D.C. 20006
(202) 783-8905 (Tel.)
(202) 333-1688 (Fax)
wmc@wmclawfirm.com (email)
Attorney for Plaintiff
SHAWAL, INC.