UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHAWAL, INC.,<br>   Plaintiff,<br><br>  v.<br><br>LORETTA LYNCH,[1] U.S. Attorney General,<br>*et al.*,<br>   Defendants. | Civil Action No. 1:14-cv-01512-RCL |

## MEMORANDUM OPINION

In this case, plaintiff, Shawal, Inc. ("Shawal") brings an action for judicial review of an Administrative Appeals Office ("AAO") decision, which affirmed the denial of plaintiff's petition to classify Basharat Mahmood ("Beneficiary") as an employment-based third preference immigrant under 8 U.S.C § 1153(b)(3) by the United States Citizenship and Immigration Service ("USCIS"). Compl. ¶ 2; Answer 1. Plaintiff brings suit against the United States Attorney General, Secretary of the Department of Homeland Security, and Director of United States Citizenship and Immigration Services ("Defendants"), seeking a declaratory judgment "establishing that the beneficiary meets all the statutory requirements for Form I-140 Petitioner [sic] for Alien Worker." *See* Compl. ¶¶ 29–30 (invoking 28 U.S.C. § 1331 (2012)).

Plaintiff also states a claim under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq.*, asserting that "[t]he denial of the Plaintiff's Form I-140 Petition for Alien Worker was arbitrary and capricious and contrary to governing statutes and regulations" and arguing that "[t]his Court should order the Defendants to approve the Plaintiff's Form I-140 Petition for Alien

---

[1] Federal Rule 25(d) states, "An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d).

1

Worker." Compl. ¶¶ 33–34. Finally, the plaintiff claims that it is entitled to attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412. Compl. ¶ 36.

This matter is before the Court on plaintiff's motion for summary judgment [21] and defendants' motion for summary judgment [24].

For the following reasons, and after consideration of the parties' briefing and relevant legal standards, Shawal's motion for summary judgment will be DENIED, and the defendants' motion for summary judgment will be GRANTED.

## I. BACKGROUND

Beneficiary Mahmood's former employer, Pines of Florence, filed a substitution Form I-140 Immigrant Petition for Alien Worker on his behalf in 2002. Compl. ¶¶ 10–11. The beneficiary subsequently filed a Form I-485 Application for Adjustment of Status in 2002, based on the pending I-140 petition. *Id.* Pines of Florence's I-140 petition was approved in 2004. *Id.* ¶ 11. The beneficiary's I-485 form, however, was denied in 2007 as a result of a previously denied I-130 petition, filed in 1998 by Angela Rowell, the beneficiary's former wife. Pl.'s Mot. Summ. J. 1; *see also* ECF No. 24-1, at 7 (noting that the beneficiary and Rowell were divorced in July 2007). The Immigration and Naturalization Service ("INS") had denied the I-130 petition in 2001, due to multiple inconsistencies in the alleged couple's interviews and the INS's subsequent determination that their marriage was not *bona fide*. Compl. ¶ 13; ECF No. 24-1, at 5–6. Denial of the I-130 petition was upheld on appeal in 2003. ECF No. 24-1, at 7.

After denial of the I-485 petition, the beneficiary was placed into removal proceedings and was given the opportunity to present proof of his previous marriage's validity before the Immigration Court. Compl. ¶ 13. In July 2012, the Immigration Court denied the beneficiary's

motion for a continuance and ordered that the beneficiary be removed, but it specifically declined to rule on the issue of marriage fraud underlying the beneficiary's denied I-130 form. Compl. ¶ 20; ECF No. 24-1, at 12.

In March 2009, upon review of documents related to the beneficiary's eligibility and his rebuttal, the USCIS issued a notice of intent to revoke the beneficiary's previously approved I-140 petition, due to his ineligibility under the Immigration and Nationality Act ("INA") § 204(c), 8 U.S.C. § 1154(c). Compl. ¶ 15. The Vermont Service Center revoked the beneficiary's I-140 petition in May 2009, and in December 2010, the AAO affirmed denial of the petition. *Id.* ¶¶ 17–18. Subsequently, Pines of Florence filed a second I-140 petition, which was also denied by the USCIS pursuant to INA § 204(c). Pl.'s Mot. Summ. J. 2.

The plaintiff, a restaurant incorporated in Ohio, filed an Application for Permanent Employment Certification on behalf of the beneficiary in June 2012 and consequently filed another I-140 petition in June 2013. Compl. ¶¶ 5, 21; Pl.'s Mot. Summ. J. 4. The USCIS issued a Notice of Intent to Deny the plaintiff's I-140 Petition in July 2013 and denied the petition in September 2013, pursuant to INA § 204(c). Compl. ¶¶ 22, 24.

Plaintiff appealed this decision to the AAO in October 2013, and the AAO affirmed denial of the I-140 petition in February 2014 after a *de novo* review of the record, citing INA § 204(c). Compl. ¶¶ 25–26; Pl.'s Mot. Summ. J. 4. The AAO independently determined that the record contained substantial and probative evidence that the beneficiary attempted to enter into marriage in order to evade immigration laws. Def.'s Mot. Summ. J. 10. In denying the I-140 petition, the AAO also noted that the Application for Permanent Employment Certification did not state all of the beneficiary's previous employers, as required by the Application, and that the

beneficiary's employment history contained discrepancies that he failed to resolve. Pl.'s Mot. Summ. J. 4; Def.'s Reply 7.

The plaintiff initiated this suit in September 2014, asking the Court to review the AAO's decision to affirm denial of the plaintiff's I-140 petition. Compl. 2. Both parties have moved for summary judgment under Local Civil Rule 7 and Federal Rule of Civil Procedure 56.

## II. LEGAL STANDARD

### A. Summary Judgment

Under Federal Rule of Civil Procedure 56, courts should grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the dispute involves review of an agency action, however, the typical Rule 56 standard does not apply, due to the "limited role of a court in reviewing the administrative record." *Stuttering Found. of Am. v. Springer*, 498 F. Supp. 2d 203, 207 (D.D.C. 2007). Under the APA, "it is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record," *id.*, while "the function of the district court is to determine whether or not . . . the evidence in the administrative record permitted the agency to make the decision it did." *Visinscaia v. Beers*, 4 F. Supp. 3d 126, 130 (D.D.C. 2013).

Summary judgment is an appropriate mechanism for a district court to determine whether, as a matter of law, the agency's decision "is supported by the administrative record and otherwise consistent with the APA standard of review." *Stuttering Found. of Am.*, 498 F. Supp. 2d at 207; *see also Deppenbrook v. Pension Benefit Guar. Corp.*, 778 F.3d 166, 171 (D.C. Cir. 2015) (stating that a district court's granting of summary judgment to an agency should be upheld so long as the agency met the APA's arbitrary and capricious standard). When reviewing

4

an agency's action, the "entire case on review is a question of law," *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (internal quotations omitted), and the district court may not look outside of the administrative record during its review of the agency decision. 5 U.S.C. § 706 (2012); *see Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("In applying that standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) ("[I]t is black-letter administrative law that in an APA case, a reviewing court 'should have before it neither more nor less information than did the agency when it made its decision.'" (internal citation omitted)).

### B. APA Standard

A district court may review a final agency action when challenged, but the action can only be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (2012). This is a very deferential standard, and the court may not substitute its judgment for that of the agency. *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 658 (2007); *Rural Cellular Ass'n v. FCC*, 588 F.3d 1095, 1105 (D.C. Cir. 2009); *see also Sw. Bell Tel. Co. v. FCC*, 168 F.3d 1344, 1352 (D.C. Cir. 1999) (stating that, under the arbitrary and capricious standard of the APA, courts should "presume the validity of agency action"). Courts must defer to the significance that the agency placed on facts within the record. *See United Steel Workers v. Pension Benefit Guar. Corp.*, 707 F.3d 319, 324 (D.C. Cir. 2013) (determining that the agency's factual determination was "entitled to deference . . . and 'should not be set aside just because a court would, as an original matter, decide the case the other way.'" (internal citation omitted)).

If the agency "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made," then courts may not disturb the agency's decision. *Ams. for Safe Access v. DEA*, 706 F.3d 438, 449 (D.C. Cir. 2013) (quoting *MD Pharm. Inc. v. DEA*, 133 F.3d 8, 16 (D.C. Cir. 1998)); *see also BDPCS, Inc. v. FCC*, 351 F.3d 1177, 1183 (D.C. Cir. 2003) (asserting that when an agency offers multiple grounds for its decision, a court must affirm the action if any one of the presented reasons is valid). The party challenging the agency's final action bears the burden of proof. *City of Olmstead Falls v. FAA*, 292 F.3d 261, 271 (D.C. Cir. 2002).

### C. Underlying INA Provisions

Pursuant to the INA, an employer may petition for the classification of an alien seeking admission to the United States based on an offer of permanent employment as a skilled worker. 8 U.S.C. §§ 1153(b)(3)(A)(i), 1154(a)(1)(F) (2012). Congress delegated authority to the USCIS to adjudicate these petitions and to establish policies governing adjudication of the petitions. 6 U.S.C. § 271(b)(1) (2012). After the Department of Labor approves an employer's classification application, the employer may then also file a Form I-140, seeking to classify the beneficiary as an employment-based immigrant. 8 C.F.R. § 204.5(c) (2015).

Under § 204 of the INA, however, the USCIS cannot approve an immigrant visa petition filed on behalf of a beneficiary who previously attempted to evade immigration laws by entering into, or seeking entrance into, a fraudulent marriage. *See* 8 U.S.C. § 1154(c) (2012) (precluding approval of a petition if the alien (1) "has previously been accorded, or has sought to be accorded, . . . preference status as the spouse of a citizen of the United . . . , by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws," or (2) "the Attorney General has determined that the alien has

attempted or conspired to enter into a marriage for the purpose of evading the immigration laws").

In order to invalidate a petition under § 204(c), the USCIS must identify substantial and probative evidence of a fraudulent marriage or conspiracy to enter into a fraudulent marriage. 8 C.F.R. § 204.2(a)(1)(ii) (2015); *see also Zemeka v. Holder*, 989 F. Supp. 2d 122, 129 (D.D.C. 2013) (determining that a finding of marriage fraud can be made by the USCIS during the course of adjudicating a subsequent visa petition). The relevant inquiry is whether the parties intended, at the time of the marriage, to establish a life together. *Lutwak v. United States*, 344 U.S. 604, 614–17 (1953). The USCIS may rely upon any relevant evidence in making this determination, including prior proceedings involving the current party. *Tawfik*, 20 I. & N. Dec. 166, 168 (BIA 1990).

If the USCIS denies a petition pursuant § 240, the employer may appeal this decision to the AAO, which has *de novo* authority to review the petition. 8 C.F.R. §§ 103.3(a)(1)(iii), 204.5(n)(2) (2015). A decision by the AAO on appeal constitutes a final agency action, eligible for judicial review. *See* 5 U.S.C. § 704 (2012) ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").

### III. APPLICATION

The plaintiff in this case has not met its requisite burden of proof, for it has not adequately demonstrated that the AAO's decision to affirm denial of the beneficiary's I-140 petition was arbitrary, capricious, or contrary to law.

This Court cannot reweigh the factual evidence presented by the plaintiff. Rather, it must accept the weight given to the facts by the agency. *United Steel Workers*, 707 F.3d at 324. The

only issue that can be determined by this Court is whether the AAO considered the evidence before it and provided a reasonable explanation for its decision.

This Court concludes that the AAO's conclusion that the beneficiary engaged in marriage fraud, and is consequently barred from maintaining an I-140 petition, satisfies the applicable APA standard. The AAO based its decision on a valid interpretation of the record because the record could reasonably be interpreted as containing substantial and probative evidence that the beneficiary attempted to enter into a marriage for the purpose of evading U.S. immigration laws. *See* ECF No. 32, at 5–14 (demonstrating that the AAO weighed the evidence before it, which could reasonably be interpreted as substantial and probative evidence of marriage fraud).

Though plaintiff contends that the AAO must follow one of its prior unpublished opinions, which allegedly represents that the § 204 bar does not apply in cases where the underlying marriage is legally void, the AAO is not bound by this decision. Pl.'s Mot. Summ. J. 6–7; *see* 8 C.F.R. § 103.4(c) (2015) (stating that unpublished Board decisions are not binding on the agency). Additionally, this interpretation clearly runs counter to the text of § 204. *See* 8 U.S.C. § 1154(c) (2012) (stating that the preclusion also applies when "the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws"). The AAO may alter its stance on this issue, so long as it presents a reasonable explanation for doing so—which it has done in this case. ECF No. 24-1, at 10. Thus, the plaintiff's argument on this point is unavailing.

Plaintiff also asserts that the beneficiary's marriage was independently reviewed by the Immigration Court during the beneficiary's prior removal proceedings. Pl.'s Mot. Summ. J. 6, 12; Pl.'s Reply 6. The plaintiff admits, however, that the Immigration Court did not reach the

8

charge of marriage fraud in this hearing. Compl. ¶ 20; Pl.'s Reply 7. Consequently, plaintiff cannot rely upon the Immigration Court's issued removal order in challenging the AAO decision

Finally, plaintiff contends that the beneficiary was qualified for the position stated in plaintiff's I-140 petition and, consequently, that the AAO's partial grounds for upholding denial of his petition related to inadequacies in the beneficiary's stated employment history was also arbitrary and capricious. Pl.'s Mot. Summ. J. 13. The AAO, however, must only present a single valid reason for its decision under the lenient APA standard of review. Thus, because the Court has determined that the AAO reasonably weighed the evidence in making its determination that § 204 barred the beneficiary's I-140 petition, it need not reach this issue

The record presented to the AAO contains facts that could be reasonably interpreted as "substantial and probative" evidence of marriage fraud committed by the beneficiary. Because the plaintiff has failed to demonstrate that the AAO's decision to affirm denial of the beneficiary's I-140 was arbitrary, capricious, or otherwise contrary to law, the defendants are entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, the plaintiff's motion for summary judgment will be DENIED, and the defendants' motion for summary judgment will be GRANTED. A separate order consistent with this Memorandum Opinion shall issue this date.

ROYCE C. LAMBERTH
United States District Judge

DATE: 12/1/15